UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAMBRIDGE RENTAL PROPERTIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6169** |
| **STATE FARM FIRE AND CASUALTY CO., ET AL.** | **SECTION: D(5)** |

ORDER AND REASONS

Before the Court is a Supplemental Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendants Chad Wood Insurance Agency, LLC ("Wood") and State Farm Fire and Casualty Co. ("State Farm") (collectively, "Defendants").[1] Plaintiff Cambridge Rental Properties, LLC ("Cambridge") opposes the Motion. After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion and **DISMISSES with prejudice** Cambridge's claims against Wood.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from an insurance coverage dispute as a result of Hurricane Ida damage to Cambridge's property.[2] Cambridge alleges that at the time of the storm, it was insured under a policy issued by State Farm and sold to Cambridge by Wood.[3] Following the storm, Cambridge filed a claim with State Farm, and, after inspection of the property, State Farm unconditionally tendered a check to Cambridge.[4] Then, days later, State Farm "advised [Cambridge], for the first time,

---

[1] R. Doc. 21.
[2] R. Doc. 20 at ¶¶ 2-5.
[3] *Id.* at ¶¶ 3, 49.
[4] *Id.* at ¶¶ 7, 12.

that it was changing its position on coverage, was denying [Cambridge's] claim, and demanding the unconditional tender be returned."[5] Thereafter, Cambridge filed suit against State Farm, alleging breach of contract and bad faith claims and against Wood.[6]

State Farm removed the matter to this Court on October 13, 2023, on the basis of diversity jurisdiction.[7] In its Notice of Removal, State Farm omitted Wood's citizenship, arguing that it should be disregarded for purposes of diversity because it is a fraudulently joined defendant.[8] State Farm and Wood then filed a Motion to Dismiss Pursuant to Rule 12(b)(6), arguing that Cambridge failed to plead facts sufficient to support a claim for breach of fiduciary duty against Wood.[9] In an oral ruling following oral argument, the Court granted Defendants' motion, explaining that Cambridge's allegations as to Wood were conclusory and unsupported by factual claims or statements.[10] However, further finding that amendment would not be futile and that it would not delay the proceedings, the Court afforded Cambridge an opportunity to file an amended complaint.[11]

Cambridge timely filed a First Supplemental and Amending Complaint (the "Amended Complaint"), maintaining its original claims against Defendants, but supplementing those claims with additional factual allegations.[12] Relevant to this

---

[5] *Id.* at ¶¶ 13-14 (emphasis omitted).
[6] *Id.* at ¶¶ 30-44, 46-48.
[7] R. Doc. 1 at 1.
[8] *Id.* at ¶ 19.
[9] R. Doc. 7-1 at 4-6.
[10] R. Doc. 19.
[11] *Id.*
[12] R. Doc. 20. For purposes of this Motion, the Court relies on the First Supplemental and Amending Complaint.

2

Motion, Cambridge argues that it asked Wood to procure a stand-alone policy for wind, hurricanes, tornadoes, and hailstorms and that despite being led to believe that Wood had procured this insurance, it did not.[13]

In response to Cambridge's Amended Complaint, Defendants filed the instant Supplemental Motion to Dismiss Pursuant to Rule 12(b)(6).[14] In its Motion, Defendants revive their original argument that Cambridge fails to allege facts showing that Wood breached its fiduciary duties as an insurance agent.[15] Defendants also assert, as a new and independent basis for dismissal, that Cambridge's claims against Wood are perempted.[16]

In its opposition, Cambridge argues that Defendants' Motion is improper because Defendants were instructed at oral argument not to file another motion to dismiss in response to Cambridge's Amended Complaint.[17] Based on what it considered to be an "instruction to not re-brief the arguments already heard," Cambridge simply realleges its opposition to Defendants' original motion to dismiss and restates the allegations pertaining to Wood that it alleges in its Amended Complaint.[18] These allegations, Cambridge argues, "clearly state a claim against Wood."[19] As to Defendants' peremption argument, Cambridge argues that it is based on information outside the pleadings and that in deciding the instant Motion, the

---

[13] *Id.* at ¶¶ 44-51.
[14] R. Doc. 21.
[15] R. Doc. 21-1 at 2-5.
[16] *Id.* at 5-9.
[17] *Id.* at 1.
[18] *Id.* at 2-4.
[19] *Id.* at 2.

3

Court is limited to the four corners of the Amended Complaint.[20] Finally, Cambridge appears to argue that granting Defendants' Motion would be premature because discovery has not yet taken place.

In their reply, Defendants maintain their original arguments and further contend that Cambridge failed to address its substantive arguments in its opposition.[21] Defendants also argue that the Court may properly consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to the plaintiff's claims.[22]

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may hear "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[23] When original jurisdiction is based on diversity of citizenship, as it is here, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[24] The fraudulent joinder doctrine is a narrow exception to the complete diversity requirement and allows a nondiverse party's citizenship to be disregarded for purposes of diversity if it has been fraudulently joined.[25]

A defendant can establish fraudulent joinder by demonstrating either "(1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to

---

[20] *Id.* at 4.
[21] R. Doc. 27.
[22] *Id.* at 2.
[23] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022); 28 U.S.C. § 1441(a).
[24] 28 U.S.C. § 1332(a)–(a)(1).
[25] *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003) ("*Smallwood I*").

establish a cause of action against the non-diverse party in state court."[26] When a defendant alleges fraudulent joinder under the second element, the court considers "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[27] "In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'"[28] When conducting this inquiry, if a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder," the Court may "pierce the pleadings and conduct a summary inquiry."[29] The Court must resolve all "contested issues of fact" and all "ambiguities of state law" in favor of the party opposing a finding of fraudulent joinder.[30] The burden of persuasion on those who claim fraudulent joinder is a heavy one.[31]

To survive dismissal under the familiar Rule 12(b)(6) standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[32] "A claim has facial plausibility when the plaintiff pleads

---

[26] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) ("*Smallwood II*").
[27] *Id.* at 573.
[28] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 69 (5th Cir. 2010) (quoting *Smallwood II*, 385 F.3d at 573).
[29] *Smallwood II*, 385 F.3d at 573.
[30] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[31] *Id.* (quoting *B. Inc., v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir. 1981)).
[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[34] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[35] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[36] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[37]

### III.   ANALYSIS

#### A. Whether Defendants' Motion Is Properly Before the Court

Before turning to the merits of Defendants' Motion, the Court addresses Cambridge's procedural arguments.  First, to the extent that Cambridge argues that the instant Motion is improperly before the Court based on instruction given at oral argument, Cambridge's argument is rejected.  Following its oral ruling on Defendants' motion to dismiss and Cambridge's oral request for leave to amend, the Court explained that it would conduct its own review of Cambridge's amended allegations against Wood if Cambridge chose to file an amended complaint.  Based on this, the Court advised that it was not *necessary* for Defendants to file a second motion to dismiss, should they believe dismissal of Wood remained appropriate.[38] The Court

---

[33] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).
[34] *Shandon Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[35] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[36] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[37] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (internal quotations and citation omitted).
[38] Unofficial recording of oral argument, June 24, 2024.

6

did not, however, *instruct* Defendants not to file a motion to dismiss the Amended Complaint. Indeed, a review of the transcript reveals that defense counsel specifically asked if Defendants would be allowed to file a supplemental motion to dismiss and the Court replied in the affirmative, stating that it would be allowed to file a supplemental motion.[39] Defendants' Motion is not contrary to the Court's instructions given at oral argument; indeed, it is completely consistent with the Court's instructions. Defendants' Motion is therefore properly before the Court.

Cambridge's second procedural basis for denial is that a motion to dismiss is premature. Cambridge argues that evidence revealed during discovery "will determine what coverages were sought by Plaintiff, if those coverages were denied, why those coverages were denied, and whether that denial of coverage was ever conveyed to Plaintiff."[40] Cambridge argues that, for this reason, a motion to dismiss is improper and that "[a]fter sufficient discovery is had, the proper procedural vehicle is a Motion for Summary Judgment."[41]

This argument falls flat. The very purpose of a Rule 12(b)(6) motion is to analyze the sufficiency of a plaintiff's pleadings prior to full-blown discovery. Indeed, "parties file these motions prior to discovery to avoid unnecessary costs when the pleadings make clear, for a variety of reasons, that a suit will be unsuccessful."[42] Cambridge is not required to *prove* its claims to defeat a Rule 12 motion to dismiss.

---

[39] *Id.*
[40] R. Doc. 24 at 4-5 (emphasis omitted).
[41] *Id.* at 5.
[42] *Massey v. DISA Global Sols., Inc.*, No. 19-CV-1573, 2020 WL 3087067, at *10 (W.D. La. May 26, 2020).

7

It must only "*plead*[] factual content that allows the court to draw the reasonable inference that [Defendants] are liable for the misconduct alleged."[43]  Accordingly, Defendants' Motion is not improper, and the Court will proceed to the merits of the Motion.

### B. Whether the Court May Consider Matters Outside the Pleadings In Considering Defendants' Motion

While not entirely clear which specific exhibit(s) it is specifically referencing, Plaintiff appears to argue that the Court should not consider the six exhibits attached to Defendants' Motion.[44]  Initially, the Court notes that Defendants attached to its Motion an "Exhibit Index"[45] which references six exhibits but which, upon review, simply references six subparts of the one insurance policy at issue.[46]  Defendants argue that the Court may properly consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.[47]  The Court agrees with Defendants that it may look beyond the pleadings in deciding the instant Motion.  As explained above, in analyzing fraudulent joinder, the court may "'pierce the pleadings' and consider summary judgment-type evidence in the record," provided it "take[s] into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."[48]  Thus, the policy Defendants attach to

---

[43] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (emphasis added).
[44] R. Doc. 24 at 4.
[45] R. Doc. 21-2.
[46] R. Doc. 21-3.
[47] *Id.* at 2.
[48] *Travis*, 326 F.3d at 648-49 (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

8

its Motion is properly considered by the Court.[49] Moreover, the Court further points out that Cambridge too, in its opposition, relies on information from the insurance policy.[50]

### C. Whether Cambridge States a Claim for Relief Against Wood

Defendants argue that Cambridge's claim against Wood must be dismissed because Cambridge does not offer factual allegations sufficient to show that Wood breached its fiduciary duties. Alternatively, Defendants argue that even if Cambridge has stated a claim for breach of fiduciary duty, Cambridge's claims are perempted. The Court will consider these arguments in turn.

### i. Whether Cambridge's Amended Complaint Includes Allegations Sufficient to State a Claim for Breach of Fiduciary Duty

In a case based on diversity, the substantive law of the state applies.[51] The law for determining the liability of an insurance agent is well settled in Louisiana. The Louisiana Supreme Court in *Isidore Newman School v. J. Everett Eaves, Inc.* held that to find an insurance agent liable for breach of fiduciary duty, the plaintiff must show:

> 1) the insurance agent agreed to buy the requested insurance; 2) the agent failed to use "reasonable diligence" in attempting to procure the insurance and failed to notify the client promptly that the agent did not

---

[49] R. Doc. 24 at 2. Further, even if the Court was conducting a true Rule 12(b)(6) analysis rather than a fraudulent joinder analysis, it could still consider the policy because it is attached to Defendants' Motion, referenced in the Amended Complaint, and central to Cambridge's claim against Wood. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("[B]ecause the defendants attached the contracts to their motion to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motion to dismiss.").
[50] R. Doc. 24 at 2.
[51] *See Woods v. Holy Cross Hosp.*, 591 F.2d 1164, 1168 (5th Cir. 1979) ("As a general rule, in a federal diversity case the district court applies the substantive law of the forum state.").

9

obtain insurance and[;] 3) the agent acted in such a way that the client could assume he was insured.[52]

Reviewing Cambridge's allegations against these factors, the Court finds that Cambridge's breach of fiduciary duty claim against Wood fails. First, Cambridge alleges that shortly after being advised that its insurance policy did not provide coverage for hurricanes, tornadoes, windstorms, or hailstorms, it sought a stand-alone policy for these events.[53] Taking this allegation as true, which the Court does for purposes of fraudulent joinder, Cambridge fails to meet this element because Cambridge alleges only that it *sought* coverage. It does not allege that Wood agreed to *procure* coverage, nor does it plead any facts indicating this. Plaintiff fails to allege facts to meet the first factor of the test enunciated in *Isidore Newman*.

Regarding the second factor, Cambridge alleges facts sufficient to show that Wood failed to use "reasonable diligence" in attempting to procure the insurance and that it failed to notify Cambridge promptly that it did not obtain insurance.[54] An agent's duty of reasonable diligence to its customer "is fulfilled when the agent procures the insurance requested."[55] Cambridge alleges that Wood failed to procure the requested insurance. Moreover, Cambridge further alleges that it was led to believe that Wood procured the requested stand-alone policy, which could reasonably be construed as an allegation that Wood failed to notify Cambridge that it did not

---

[52] 42 So. 3d 352, 356 (La. 2010).
[53] R. Doc. 20 at ¶¶ 50-51.
[54] *Isidore Newman*, 42 So. 3d. at 357. This analysis assumes that Cambridge had succeeded on the first prong of the *Newman Isidore* analysis.
[55] *Id.* at 356.

10

obtain this coverage.[56] Thus, Cambridge alleges facts sufficient to meet the second prong of the *Isidore Newman* test.

Finally, as to the third factor, Cambridge does not allege facts sufficient to show that Wood acted in a way that Cambridge could assume it was insured. To meet this prong, Cambridge relies on one page of the policy, alleging that it "was lead [sic] to believe that Wood procured [the stand-alone policy] when it received its updated declaration pages wherein, on page 2 in all bolded font, it states how Plaintiff's separate deductible for hurricane, wind, or named storm damage would apply."[57] The policy declaration page reads, in pertinent part:

> **<u>NOTICE:</u> This policy does not set forth a separate deductible for covered losses caused by hurricane as defined in the policy.**
>
> ***<u>Separate Deductible Examples – Hurricane, Wind, or Named Storm Damage.</u>***
> **If applicable, the following illustrates how a separate deductible applying to hurricane, wind or named storm damage is applied under your policy: . . . .**[58]

The declaration page does not, however, support Cambridge's argument. Nowhere on the declaration page does it state that Cambridge was issued a separate policy for these events or that such coverage was contained in the policy. The declaration page clearly states only that the "policy does not set forth a separate deductible for covered losses caused by hurricane . . . ."[59] It then describes how a separate deductible would

---

[56] *B&P Rest. Grp., LLC v. Eagan Ins. Agency, LLC*, 538 F. Supp. 3d 632, 640–41 (E.D. La. 2021) ("Eagan's duty of reasonable diligence as Plaintiffs' insurance agent extends to obtaining the coverage Buchert is alleged to have requested on their behalf.").
[57] R. Doc. 20 at ¶ 51 (emphasis omitted).
[58] R. Doc. 21-3 at 2.
[59] R. Doc. 21-3 (emphasis added).

apply to hurricanes, wind, or named storms, "*if applicable.*"[60] That Cambridge took this language to mean that it had a separate hurricane, wind, or named storm policy does not show that Wood acted in a way that Cambridge could assume that Wood had obtained a stand-alone policy.[61] Cambridge does not allege any other facts that could allow the Court to draw the reasonable inference that Wood held out to Cambridge that it had a stand-alone policy or from which Cambridge could otherwise assume that it had coverage.

Accordingly, although Cambridge has alleged facts sufficient to prevail on the second *Isidore Newman* prong, neither Cambridge's allegations nor the summary-judgment-type evidence offered by Defendants show that Wood agreed to procure the sought coverage or that it held out to Cambridge that it had such coverage. Accordingly, Defendants have carried their heavy burden to show that Wood was fraudulently joined, and dismissal is appropriate on this basis.[62] The Court will nevertheless consider Defendants' peremption argument.

---

[60] *Id.* (emphasis added). Further, as Defendants point out, the declaration page is part of Cambridge's State Farm policy. Cambridge does not explain how language provided by State Farm constitutes acts or assurances on the part of Wood.

[61] "An insured is responsible for reading his policy and is presumed to know its terms." *City Blueprint & Supply Co., Inc. v. Boggio*, 3 So. 3d 62, 67 (La. App. 4 Cir. 2008) (citing *Stephens v. Audubon Ins. Co.*, 665 So. 2d 683, 658 (La. App. 2 Cir. 1995)). To be clear, this should in no way be construed as a comment on the merits of Cambridge's coverage claim. The Court finds only that the declaration page did not establish the existence of a separate policy for hurricane, wind, or named storms. It does not find, nor does anything in its analysis suggest, that State Farm does not owe Cambridge the coverage it seeks.

[62] The Court has once before afforded Cambridge an opportunity to amend its claim against Wood, and Cambridge failed to cure the deficiencies originally pointed out by the Court. Because further amendment would be futile and result in undue delay and prejudice to State Farm, against which Cambridge still has pending claims, the Court declines to afford Cambridge a second opportunity to amend. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile . . . . [W]e join our sister circuits that have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted."); *see Smith v. EMC Corp.*, 393 F.3d 590, 598 (5th Cir. 2004) ("Because of the

**ii.     Whether Cambridge's Claims Against Wood Are Perempted**

Defendants argue that even if Cambridge has stated a claim for relief against Wood, its claims against Wood must be dismissed because they are perempted by Louisiana state law.[63] Plaintiff does not respond to this argument except to challenge whether the Court may consider the exhibits offered by Defendants, including the insurance policy at issue, in its analysis.[64] The relevant state statute relied upon by Defendants provides:

> No action for damages against any insurance agent . . . arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. *However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.*[65]

Cambridge alleges that shortly after May 22, 2018, Cambridge asked Wood to procure a stand-alone policy for hurricanes, tornadoes, wind, and hailstorms and that Wood failed to do so.[66] It is unclear exactly when this alleged conversation took place. Cambridge alleges, however, that the updated declaration page, effective June 19, 2018, was the result of this conversation.[67] Thus, assuming this conversation took place no later than June 19, 2018, Cambridge's claims against Wood, which were raised in Cambridge's Petition filed on August 28, 2023, were raised well after the

---

motion's undue delay and prejudice to EMC, the district court did not abuse its discretion in denying Smith leave to amend.") (citation omitted).
[63] R. Doc. 21-1 at 6-9.
[64] R. Doc. 24 at 4.  The Court has already rejected this argument.
[65] LA. R.S. § 9:5606(A) (emphasis added).
[66] R. Docs. 20 at ¶¶ 50-51 and 21-3 at 1.
[67] *Id.* at ¶ 51.

13

three-year peremptive period.[68] Cambridge's claims are therefore barred as perempted.

Moreover, peremption is not salvaged by renewals of the policy.[69] While "[i]n general, renewals of insurance policies do not operate to restart peremption" they can restart the clock "if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages."[70] Here, however, Cambridge's allegations against Wood begin and end with its alleged failure to procure a stand-alone policy following Wood and Cambridge's May 22, 2018 conversation during which Wood advised Cambridge that it did not have hurricane, wind, tornado, or hailstorm coverage. Cambridge does not allege that its policy changed significantly after this time, nor does it allege that it ever dealt with Wood again.[71] Simply, Cambridge does not allege any wrongdoing on the part of Wood after May 22, 2018. Accordingly, even if Cambridge had successfully stated a claim for relief against Wood, those claims would be peremptied.[72]

---

[68] "[T]he peremptive period of § 9:5606 ordinarily begins to run on the date that a copy of the insurance policy was received." *St. Charles Surgical Hosp., LLC v. HUB Int'l, Ltd.*, 535 F.Supp.3d 588, 599-60 (E.D. La. Apr. 21, 2021) (citing *Jackson v. QBE Specialty Ins. Co.*, No. 17-CV-11730, 2018 WL 3408182, at *7 (E.D. La. July 13, 2018)).
[69] Cambridge does not make this argument; however, the Court considers the issue out of an abundance of caution.
[70] *Gomez v. Allstate Ins. Co.*, No. 06-CV-8274, 2007 WL 1166150, at *2 (E.D. La. Apr. 17, 2007) (citing *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-CV-2605, 2006 WL 2583406, at *3 (E.D. La. Sept. 6, 2006) and *Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182 (La. App. 5 Cir. 2004)).
[71] *See id.* (finding renewal did not restart the peremption clock when the plaintiff did not ever deal with the agent again and there were no substantive changes to the policy).
[72] Defendants also argue Cambridge's claims are peremptied based on the one-year peremptive period in Section 5606. Having found Cambridge's claims against Wood are peremptied under the three-year period, the Court need not reach this question.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Supplemental Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendants State Farm Fire and Casualty Co. and Chad Wood Insurance Agency, LLC is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Cambridge Rental Properties, LLC's claims against Defendant Chad Wood Insurance Agency, LLC are **DISMISSED with prejudice**.  Plaintiff's claims against State Farm Fire and Casualty Co. and XYZ Insurance Co. remain pending.

New Orleans, Louisiana, November 19, 2024.

*[Signature]*

**WENDY B. VITTER**
**United States District Judge**