UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAMBRIDGE RENTAL PROPERTIES, LLC          CIVIL ACTION

VERSUS                                    NO. 23-6169

STATE FARM FIRE AND CASUALTY CO.,         SECTION: D(5)
ET AL.

ORDER AND REASONS

Before the Court is State Farm Fire and Casualty Company's Motion for Summary Judgment filed by Defendant State Farm Fire and Casualty Co. ("State Farm").[1]  Plaintiff Cambridge Rental Properties, LLC ("Cambridge") opposes the Motion and State Farm has filed a reply.[2]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case stems from an insurance coverage dispute following damage to Cambridge's property as a result of Hurricane Ida.[3]  The following facts are undisputed by the parties.[4]  At the time of the storm, Cambridge had a policy for the commercial property located at 3113 Independence Street, Metairie, Louisiana, and the policy included a windstorm and hail exclusion (the "Exclusion").[5]  On March 29, 2022, Cambridge advised State Farm of the loss, and State Farm conducted its initial inspection on April 14, 2022.[6]  On April 16, 2022, State Farm issued a payment of

---

[1] R. Doc. 37.
[2] R. Doc. 40 and R. Doc. 43, respectively.
[3] *See* R. Docs. 37-2 and 40-1, generally.
[4] *Id.*
[5] R. Doc. 37-2 at ¶¶ 1-4; R. Doc. 40-1 at ¶ 1, 5.
[6] R. Doc. 37-2 at ¶¶ 6-7; R. Doc. 40-1 at ¶¶ 6-7.

$62,455.97 for damage attributable to Hurricane Ida, and on April 19, 2022, after identifying the Exclusion, State Farm informed Cambridge that the check would be canceled.[7]

On August 28, 2023, Cambridge filed this lawsuit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, claiming that State Farm's failure to pay Cambridge's claim was a breach of the parties' contract and entitles Cambridge to bad faith penalties under Louisiana law.[8]  State Farm timely removed the case to this Court,[9] and on March 27, 2025, State Farm filed the instant Motion.[10]

In its Motion, State Farm argues that the policy excludes coverage for damage as a result of windstorms and thus, the damage to Cambridge's property is not a covered loss under the policy.[11]  State Farm argues that courts have upheld similar exclusions in insurance policies.[12]  Furthermore, State Farm argues that because Cambridge cannot succeed on its breach of contract claim, its bad faith penalty claims necessarily fail.[13]  Finally, State Farm argues that its April 16, 2022 payment did not waive its right to invoke the Exclusion because State Farm rectified the error within three days of payment and before the check had been cashed.[14]

---

[7] R. Doc. 37-2 at ¶¶ 8-11; R. Doc. 40-1 at ¶¶ 8-11.
[8] R. Doc. 1-1.
[9] Upon removal, this matter was entered into the Court's Hurricane Ida Case Management Order.  R. Doc. 3.  On January 8, 2025, State Farm filed a Motion to Opt Out of Hurricane Ida Case Management Order and Streamlined Settlement Program, and Magistrate Judge North granted that Motion only to the extent necessary for State Farm to move for summary judgment.  R. Docs. 34 and 36.
[10] R. Doc. 37.
[11] R. Doc. 37-1 at 5-6.
[12] *Id.* at 9-10.
[13] *Id.* at 11.
[14] *Id.* at 14.

In its opposition, Cambridge does not dispute that the Exclusion exists or applies and argues instead that "State Farm knowingly and intentionally waived the Wind Storm and Hail exclusion through its actions."[15]  Cambridge argues that an insurer is charged with knowing the contents of its own policy and, thus, "the only reasonable conclusion is that State Farm was aware of the contents of the policy and knowingly and intentionally chose to send an adjuster with check writing authority to the property."[16]  Finally, Cambridge asks the Court to reject the authority relied on by State Farm, arguing that none of the cited cases involved a post-inspection unconditional tender for a commercial property damaged by a hurricane.[17]

In its reply, State Farm argues that Cambridge fails to offer any facts precluding summary judgment and instead relies on the "conclusory and self-serving argument that State Farm knowingly waived its rights under the policy."[18]  State Farm further argues that all of its actions amount to routine claims handling actions which Louisiana law has expressly stated cannot be deemed to waive policy provisions.[19]  Finally, State Farm argues that Cambridge has failed to undermine any of the authority cited by State Farm, stating that "[i]n attempts to distinguish the cases cited by State Farm, Plaintiff has mustered no more than irrelevant factual distinctions that do no harm to State Farm's position."[20]

---

[15] R. Doc. 40 at 4.
[16] *Id.*
[17] *Id.* at 5-7.
[18] R. Doc. 43 at 1.
[19] *Id.* at 3.
[20] *Id.*

## II. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21]  A dispute is "genuine" if it is "real and substantial, as opposed to merely formal, pretended, or a sham."[22]  Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[23]  When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[24]  While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence."[25]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[26]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[27]  The non-moving party can then defeat summary judgment by either submitting evidence

---

[21] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

[22] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).

[23] *Anderson*, 477 U.S. at 248.

[24] *Delta & Pine Land Co. v. Nationwide Agribus. Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted).

[25] *Id*. (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

[26] *Id*. at 399 (citing *Anderson*, 477 U.S. at 248).

[27] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).

sufficient to demonstrate the existence of a genuine dispute of material fact or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[28]  If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[29]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[30]

### III.    ANALYSIS[31]

### A. Cambridge's Breach of Contract Claim

The initial question before the Court is whether the policy provides coverage.[32] "Under Louisiana law, a court should interpret an insurance policy under ordinary principles for the interpretation of a contract."[33]  The parties' intentions are determined by the words of the policy.[34]  "The words should be given their plain meanings, and the court should not change the coverage of the policy under the guise

---

[28] *Id.* at 1265.

[29] *See Celotex*, 477 U.S. at 322–23.

[30] *Id.* at 324 (quoting FED. R. CIV. P. 56(e)).

[31] This matter is before the Court on diversity jurisdiction, so the Court applies Louisiana law.  *See Weatherly v. Pershing, LLC*, 945 F.3d 915, 925 (5th Cir. 2019).

[32] Although Cambridge does not appear to contest that the Exclusion precludes coverage, the Court considers whether coverage is owed under the policy out of an abundance of caution.

[33] *Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 (1990).

[34] *Id.* (citing *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988)).

of interpreting ambiguous language."[35] "The court should consider the policy as a whole, and interpret the policy to fulfill the reasonable expectations of the parties in light of the customs and usages of the industry."[36] If, after such an analysis, the clause remains ambiguous, the court should construe the clause against the insurer.[37]

In this case, the policy insured against accidental direct physical loss to covered properties, except for where it is excluded or limited by the terms of the policy.[38] Under Section I—Exclusions, the policy reads: "We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events."[39] An endorsement in the policy reads:

> **CMP-4752.1 EXCLUSION – WINDSTORM OR HAIL**
> This endorsement modifies insurance provided under the following:
> BUSINESSOWNERS COVERAGE FORM
> A. Under Paragraph 1. of **Section I—EXCLUSIONS** the following is added:
> **Windstorm Or Hail**
> Windstorm or hail. But, if windstorm or hail results in fire or explosion, we will pay for the loss caused by that fire or explosion.[40]

Read as a whole, the policy insures against covered losses. Damage from windstorms or hail is excluded as a covered loss. The Court finds that the language is clear and unambiguous, and Cambridge has not offered any basis for an alternative reading of the policy.[41] State Farm primarily relies on three cases from this court finding that

---

[35] *Id.* (citing *Pareti*, 536 So.2d at 420).

[36] *Id.* (citing *Benton Casing Serv., Inc. v. Avemco Ins.*, 379 So.2d 225, 231 (La. 1979)).

[37] *Id.* (citing *Breland v. Schilling*, 550 So.2d 609, 610 (La. 1989)).

[38] *See* R. Docs. 37-2 at ¶¶ 1-2 and 40-1 at ¶¶ 1-2.

[39] R. Doc. 37-3 at 26.

[40] *Id.* at 86.

[41] *See Cummings v. Allstate Vehicle & Prop. Ins. Co.*, No. 23-CV-4249, 2024 WL 1156617, at *2 (E.D. La. Mar. 18, 2024) (finding that an endorsement adding an exclusion for "Windstorm or Hail" unambiguously excluded coverage caused by windstorms or hail).

similar windstorm or hail exclusions in  insurance policies excluded coverage for damage caused by a windstorm such as Hurricane Ida.[42]  The policy language in those cases similarly stated: "Windstorm or Hail Exclusion."  The Court has found cases from several additional section of this court finding similar windstorm or hail exclusion language to exclude coverage—and each of those involving Hurricane Ida claims.[43]  The Court finds similarly that the provision clearly and unambiguously applies and that damage from windstorms is excluded.  Because it is undisputed that Cambridge suffered a loss as a result of Hurricane Ida, coverage is not owed under the policy.[44]

## B. Cambridge's Bad Faith Penalty Claims

Cambridge also brings bad faith penalty claims against State Farm.  Under Louisiana law, an insurer owes its policyholder a duty of good faith and fair dealing.[45]  An insurer's failure to timely pay a claim after being presented with satisfactory proof of loss breaches this duty if the failure is arbitrary, capricious, or without probable

---

[42] *See* R. Doc. 37-1 citing *Cummings v. Allstate Vehicle & Property Ins. Co, Pierce v. Allstate Ins. Co., and Carcamo v. Allstate Vehicle & Property Ins. Co.*

[43] *See Gardner v. Allstate Ins. Co.*, No. 23-CV-4620, 2024 WL 4651277 (E.D. La. Nov. 1, 2024); *Freemon v. Allstate Indem. Co.*, No. 23-CV-4809, 2024 WL 183489 (E.D. La. Jan. 17, 2024); *Allison v. Allstate Vehicle & Prop. Ins.* Co., No. 23-CV-3567, 2024 WL 3845988 (E.D. La. Aug. 16, 2024); *Valdosse v. Allstate Vehicle & Prop. Ins. Co.*, No. 23-CV-3571, 2024 WL 1177947 (E.D. La. March 19, 2024).

[44] *Id.*; R. Doc. 37-2 at ¶¶ 6, 8; R. Doc. 40-1 at ¶¶ 6, 8.

[45] LA. R.S. §§ 22:1892, 22:1973.  As of July 1, 2024, Section 1973 was repealed and § 1892 was significantly amended.  *See* Act No. 3 of the 2024 Regular Session, Senate Bill No. 232.  Cambridge filed this action prior to these amendments.  In Louisiana, "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only."  LA. CIV. CODE art. 6.  There was no legislative expression in the Act, and at least two other courts in this Circuit have made *Erie* guesses that § 1973's repeal and Section 1892's alterations apply prospectively.  *See Simmons v. State Farm Fire & Cas. Co.*, –F.Supp.3d–, 2025 WL 850014, at *3 n.27 (M.D. La. Mar. 18, 2025); *Gentilly, LLC v. State Farm Fire & Cas. Co.*, No. 23-CV-262, 2024 WL 5246606, at *4 n.67 (E.D. La. Dec. 30, 2024).  Thus, this Court applies the pre-July 1, 2024 versions of §§ 1973 and 1892.

cause. [46]    Under the applicable statutes, "arbitrary and capricious" means "vexatiously," as in a "vexatious refusal to pay" or a refusal to pay without reason or justification. [47]  An insurer does not act arbitrarily or capriciously or without probable cause when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of the loss. [48]

Here, State Farm's denial of coverage was not arbitrary and capricious or without probable cause because Cambridge was never entitled to coverage. [49]  For this reason, Cambridge's bad faith penalty claims fail.

## C. Waiver

Cambridge's primary argument is that State Farm waived its right to exclude coverage by issuing a payment to Cambridge on April 16, 2022. [50]  Cambridge argues that "an insurer 'is charged with knowledge of the contents of its own policy'" and, therefore, "the only reasonable conclusion is that State Farm was aware of the contents of the policy and knowingly and intentionally chose to send an adjuster with check writing authority to the property." [51]

"Waiver is usually defined as the intentional relinquishment of a known power of privilege." [52]  "Waiver occurs when there is an existing right, a knowledge of its

---

[46] §§ 1973, 1892.

[47] *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003).

[48] *Id.*

[49] *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 759 F.Supp.2d 822, 853 (E.D. La. 2010) (finding that a bad faith penalty claim fails when it is determined that coverage was not due under the policy); *Guillory v. Prop. & Cas. Co. of Hartford*, No. 21-CV-1430, 2021 WL 3378425, at *4 (W.D. La. Aug. 3, 2021) (same).

[50] R. Doc. 40 at 4-5.

[51] R. Doc 40 (quoting *Steptore v. Masco Const. Co., Inc.*, 643 So.2d 1213, 1216 (1994).

[52] *Tate v. Charles Aguillard Ins. & Real Estate, Inc.*, 508 So.2d 1371, 1373 (La. 1987) (citing *Ledoux v. Old Republic Life Ins. Co.*, 233 So.2d 731 (La. App. 3 Cir. 1970)).

existence and an actual intention to relinquish it, or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished."[53]  Proof of knowing and voluntary waiver is on the party claiming waiver.[54]

Cambridge's waiver argument is foreclosed by Louisiana law.  Louisiana Civil Code Article 2299 provides that "[a] person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it."[55] Under this Article, "a person who knowingly or through error has paid or delivered a thing not owed may reclaim it from the person who received it."[56]  Article 2299, in its current and former iterations, has long been read to mean that "an insurer's erroneous, or even negligent, payment of a claim to its insured does not bar the insurer from later recouping the amount paid."[57]  Applying Article 2299, courts have allowed insurers to recover payments made pursuant to an expired policy[58] and for overpayment of a claim.[59]  It has likewise been applied to allow an insurer to recover payments it made towards a policy under which coverage was excluded due to an express provision.

By way of example, in *Dear v. Blue Cross of Louisiana*, Louisiana's Third Circuit Court of Appeal upheld the defendant-insurer's denial of benefits under a

---

[53] *Id.* (citing *Ledoux*, 233 So.2d 731).
[54] *Steptore*, 643 So.2d at 1375 (citing LA. CIV. CODE art. 1831 (1985)).
[55] LA. CIV. CODE art. 2299.
[56] *Id.* at cmt. (d).
[57] *Am. Intern. Spec. Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 271 (5th Cir. 2003).
[58] *Cent. Sur. & Ins. Corp. v. Corbello*, 74 So.2d 341, 344 (La. App. 1 Cir. 1954).
[59] *Nat'l Cas. Co. v. Kiva Const. & Eng'g, Inc.*, No. 10-CV-3854, 2012 WL 90135, at *6 (S.D. Tex. Jan. 11, 2012) (applying Louisiana law).

health insurance policy, finding that the plaintiff's claims were excluded under a preexisting condition exclusion.[60]    The plaintiff argued that, regardless of the exclusion, the insurer had acknowledged that benefits were due when it paid a $44 claim in connection with the plaintiff's illness.[61]    The court rejected the plaintiff's argument, explaining that a payment made in error does not constitute an acknowledgment of liability and affirmed the district court's judgment in favor of the insurer.[62]

Another section of this court reached the same conclusion in *Stokes v. Allstate Indemnity Co.*[63]    There, the court considered whether plaintiffs had sufficiently pleaded estoppel and waiver claims; plaintiffs alleged that the defendant "acted inconsistently with its position that property damage was caused by flood and therefore not covered" when "they paid something to the plaintiffs and therefore waived any other right to say that coverage is not excluded."[64]    The Court rejected this argument, relying on Article 2299, and explained that "even if [the insurer] knowingly paid claims to the plaintiffs that plaintiffs are not entitled to, [the insurer] would not waive its right to reclaim those funds.    Therefore, plaintiffs cannot assert that [the insurer] waived its right to defenses under the contract."[65]

---

[60] 511 So.2d 73, 74 (1987).

[61] *Id.* at 76.

[62] *Id.*    Cambridge argues that *Dear*, which involved a health insurance policy and a preexisting condition exclusion, is inapposite to the facts of this case.    The Court disagrees.    True, the policies and exclusions at issue in *Dear* are different than those at issue in this case, but the underlying policies and exclusions are of no consequence.    The relevant issue in both cases is whether the insurer's payment of a claim waives its right to invoke a policy exclusion.

[63] No. 06-CV-1053, 2007 WL 1875847, at *3 (E.D. La. June 28, 2007).

[64] *Id.*

[65] *Id.*

The same result is appropriate here. State Farm issued a payment under the policy and, upon learning of a policy exclusion, rescinded the payment by canceling the check.[66] Louisiana courts and federal courts applying Louisiana law have found time and time again that an erroneous payment under a policy does not constitute waiver, and the same is true here. That State Farm made an error in what coverage was owed to Cambridge does not show an actual intention on the part of State Farm to relinquish its right to invoke the Exclusion, nor is the erroneous payment so inconsistent with State Farm's intent to enforce its right such that Cambridge could have reasonably believed that State Farm had relinquished its right. Any other conclusion would contravene Louisiana law, which expressly and unequivocally provides that a payment made in error may be reclaimed by the party that issued the payment.[67] Cambridge has not offered any other facts that would support a finding of waiver. Accordingly, Cambridge has failed to point to a factual dispute that would preclude summary judgment, and State Farm is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that State Farm Fire and Casualty Company's Motion for Summary Judgment[68] is **GRANTED**.

---

[66] R. Doc. 37-2 at ¶ 10; R. Doc. 40-1 at ¶ 10.
[67] *Id.* at cmt. (d). Regardless of Article 2299, the Court would be hard-pressed to find that waiver or estoppel apply. As State Farm points out, it canceled the check *three days* after it was issued and before Cambridge had even cashed it. R. Doc. 37-2 at ¶ 10; R. Doc. 40-1 at ¶ 10. From these facts, it is difficult to imagine what prejudice or damage State Farm's initial, temporary payment caused Cambridge.
[68] R. Doc. 37.

**IT IS FURTHER ORDERED** that Plaintiff Cambridge Rental Properties, LLC's claims against State Farm are **DISMISSED with prejudice.**

New Orleans, Louisiana, June 13, 2025.

**WENDY B. VITTER**
**United States District Judge**